[In Bank.—January 3, 1908.]

LOUIS GLASS, Petitioner, v. WILLIAM P. LAWLOR, Judge of the Superior Court of the City and County of San Francisco, Respondent.

DISTRICT COURT OF APPEAL—JURISDICTION—PROVING EXCEPTION—CRIMINAL LAW.—Under section 4 of article VI of the constitution, as recently amended, where a criminal case has been properly appealed to the district court of appeal, that court has jurisdiction of all petitions under section 652 of the Code of Civil Procedure or sections 1174 or 1243 of the Penal Code, for proving exceptions, for obtaining certificates of probable cause, and all others relating to the mode of presenting the appeal or stay of proceedings pending the appeal.

APPLICATION to the Supreme Court for an order transferring a petition to prove an exception in a criminal case to the District Court of Appeal.

The facts are stated in the opinion of the court.

BEATTY, C. J.—The petitioner having been convicted in the superior court upon a criminal charge, has appealed to the district court of appeal for the first district, which, in his case, is the proper court of review on direct appeal. For the purpose of the appeal he desires to prove an exception which he alleges the trial court has wrongfully refused to allow. For this purpose he has filed a petition in said district court of appeal, but the justices of that court being doubtful of their authority to grant the relief prayed without an order of this court transferring the matter to them for hearing and decision, he has made application here for such an order.

We do not deem it necessary to make any special order of transfer, as we think the district court of appeal has been given authority to act in such matters by the recent amendment to article VI of the constitution by which the court was created and its jurisdiction defined.

By section 4 of that article it is provided:

"All statutes now in force allowing, providing for, or regulating appeals to the supreme court shall apply to appeals to the district courts of appeal so far as such statutes are not inconsistent with this article and until the legislature shall otherwise provide."

We are of the opinion that the provisions for proving exceptions (Code Civ. Proc., sec. 652; Pen. Code, sec. 1174), and for obtaining certificates of probable cause for appeal (Pen. Code, sec. 1243) being merely incidental to appeals, fall within the meaning of this clause of the constitution, and that petitions under these sections, and all others relating to the mode of presenting appeals or stay of proceedings pending appeal are properly cognizable in the "district court of appeal having jurisdiction under the constitution of the particular cause by direct appeal from the trial court."

The petition is returned to the district court of appeal for such action as is proper in the premises.

Lorigan, J., Shaw, J., Henshaw, J., and Angellotti, J., concurred.